THE STATE (MARTIN BROOK, Prosecutor,) *vs.* LIPPINCOTT ET AL., Applicants for road.

1. In laying out a road, the return of the surveyors should show that the requirements of the statute are complied with: it should show that the road is laid "as may appear to them to be most for the public and private convenience," and also "in such a manner as to do the least injury to private property." If the return shows that public convenience was regarded, but says nothing about private convenience, the omission raises the presumption that the latter was disregarded, and the return will be set aside.

2. Where a road is vacated, a map should accompany the return, showing the courses and distances, with reference to the most remarkable places, and the improvements through which the road passes, the same as is required in laying out a road.

3. If application is made to vacate an old road, and lay out a new one, the return should particularly describe the old road vacated, and also the new one laid out.

*Certiorari* to Burlington Pleas in matter of highway.

Argued at November term, 1855, before Justices VREDENBURGH and RYERSON ; *Browning*, for plaintiff in *certiorari*, *W. L. Dayton*, for defendants.

RYERSON, J. Various objections were made to the proceedings in this case, but it will be necessary to notice only the following, as, without expressing any opinion on the others, these are fatal.

1. The statute directs the surveyors to lay the road " as may appear to them to be most for the public and private convenience," and also " in such a manner as to do the least injury to private property " (*Nix. Dig.* 702, § 5.) These requirements are matters of substance, with which the surveyors are bound to comply, and it is well settled, that their return must show a compliance with all such requirements ; such are the precedents, and such is the well settled practice. (See *Elmer's Forms* 367.)

In this case the return shows that the surveyors regarded the public convenience, but it says nothing about private convenience ; they were bound to regard the latter

as much as the former, and it should so apppear by their return. The mention of one, and omission of the other, raises a presumption that the latter was disregarded.

2. The road is a mile in length, all on one line, and runs through lands of more than a dozen persons, whose names are mentioned in the assessment of damages accompanying the return. The accompanying map marks and describes the *termini* of the road, between which is drawn a straight line, with its course and length written down, but contains nothing else. No reference is made to any remarkable places, except at the beginning and ending points, nor to any improvements, nor is the name of a single owner on the map. The application was made to lay out a new road, and vacate part of an old one, and the surveyors did vacate a part of the old, as well as lay out the new one, but no map of the road vacated, or of any part of it, accompanies the return ; a map is as much required in the one case as in the other.

3. The application to the court was to lay out the new road, " and also to vacate such parts of the old road as may be rendered useless by laying out the new," and the appointment of surveyors followed in this particular the application. No description of the old road, or of the part to be vacated, is given, except what is contained in the words I have quoted, and it is quite too indefinite, both as respects the road itself and the part to be vacated.

So much of the return as relates to the part vacated is in these words : " and we do further order, that all that part of the old road, as the same is now travelled, on the southerly side of the aforesaid line, and as mentioned and described in the old town book of the said township of Chester, we do hereby vacate and make void, when the new road, as aforesaid laid out, shall be opened and ordered fit for public use." What old road ? How far is it from the new one ? The return does not show, but leaves it all uncertain ; so uncertain that no one, from the return alone, could with any certainty tell where it is ; nor does it neces-

sarily follow from the return that there is any connection between the new and old road, or that the part vacated is rendered useless by laying out the new one.

For these reasons the return, and record thereof, should be vacated and set aside.

·VREDENBURGH, J., concurred.

CITED *in State* v. *Yauger,* 5 *Dutch.* 384; *State* v. *Essex P. R. Board,* 8 *Vr.* 275.